

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00317-CV

———————————————

IN THE INTEREST OF A.W., A CHILD

---

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-19-0018

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

The trial court terminated pro se[1] appellant J.W.'s parental rights to A.W. after a jury trial during which, in a unanimous verdict, the jury found by clear and convincing evidence that termination of J.W.'s parental rights would be in A.W.'s best interest, *see* Tex. Fam. Code Ann. §§ 161.001(b)(2), .003(a)(5), and that he had voluntarily left A.W. alone or in the possession of another who was not a parent and expressed an intent not to return, *see id.* § 161.001(b)(1)(A); that he had endangered A.W. by knowingly placing or allowing her to remain in an endangering environment, *see id.* § 161.001(b)(1)(D); that he had endangered A.W. by engaging in conduct or knowingly placing her with persons who engaged in conduct that endangered her, *see id.* § 161.001(b)(1)(E); that he had constructively abandoned A.W., *see id.* § 161.001(b)(1)(N); that he had failed to comply with a court order that specifically established the actions necessary for him to obtain A.W.'s return while she was in the temporary managing conservatorship of the Department of Family and Protective Services (DFPS) for not less than nine months as a result of her removal from him for abuse or neglect, *see id.* § 161.001(b)(1)(O); that he had used a controlled substance in a manner that endangered A.W.'s health and safety and failed to complete a court-

---

[1]Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules. *Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). This principle is to ensure fairness in our treatment of all litigants through use of a single set of rules. *Id.* The parties and this court are bound by the statutes, cases, and rules of procedure that apply to the case. *Id.*

ordered substance-abuse treatment program, *see id.* § 161.001(b)(1)(P); and that he had a mental or emotional illness or a mental deficiency that rendered him unable to provide for A.W.'s physical, emotional, and mental needs and would continue to render him unable to provide for A.W.'s needs until her eighteenth birthday despite six months' reasonable efforts to return the child to him, *see id.* § 161.003(a)(1)–(4). In the order terminating J.W.'s parental rights to A.W., the trial court ordered DFPS to be the child's sole managing conservator.

During the pendency of this appeal, we notified J.W. several times—on December 7, 2021; December 28, 2021; January 21, 2022; February 2, 2022; and February 16, 2022—that payment arrangements had not been made for the reporter's record and that his failure to make such arrangements would result in this court's considering and deciding only those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 34.6(b)(1), 35.3(b)(2)–(3), 37.3(c). Notwithstanding our warnings and his ample opportunities to make such arrangements, J.W. did not do so, and on March 10, 2022, we informed J.W. that we would consider and decide only the issues or points that did not require a reporter's record.[2]

When J.W. failed to file his appellant's brief, we cautioned him that we would dismiss the appeal for want of prosecution unless—within ten days—he reasonably

---

[2]J.W. did not appeal the trial court's determination that he was not indigent after we abated the appeal for an indigence hearing in December 2021.

explained his failure to timely file a brief. *See* Tex. R. App. P. 38.8(a), 42.3(b), (c). Because J.W. has failed to file an appellant's brief in this case,[3] we dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a), 42.3(b), (c), 43.2(f).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: May 12, 2022

---

[3]Because J.W. is pro se, before dismissing this appeal, we waited an additional 10 days after he failed to file his appellant's brief and an additional 10 days after his deadline to file a motion for extension of time and the appellant's brief, to account for filing by mail. *See* Tex. R. App. P. 9.2(b)(1).